IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>and<br><br>**CHIARA EISNER**<br>c/o National Public Radio, Inc.<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF**<br>**HEALTH AND HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, DC 20201<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

Plaintiffs National Public Radio, Inc. and Chiara Eisner (collectively, "NPR"), by their undersigned attorneys, allege as follows:

**Background**

1. NPR brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to enjoin the U.S. Department of Health & Human Services ("HHS"), through its components, the Administration for Children and Families ("ACF") and the Office of Refugee Resettlement ("ORR"), from failing to respond to five FOIA requests sent by NPR to HHS

between June 12, 2023 and September 8, 2023 (the "Requests"), and directing the offices to promptly disclose any records responsive to the Requests.

2. HHS's Office of Refugee Resettlement provides care and placement for unaccompanied children who enter the United States from other countries without an adult guardian.[1] ORR also cares for minors who were detained by the U.S. government together with their parent or guardian and then were separated and held in different facilities. Over 9,000 children were in ORR's care in January 2024.[2] But there have been problems with ORR's oversight. A bipartisan congressional investigation found that ORR failed to conduct the basic oversight needed to ensure the safety of children in its care.[3] NPR seeks to further investigate and report on this issue, and to shed light on how children crossing the border alone are processed at government-funded facilities.

3. Current migration patterns and the government's handling of migrants at the border remain topics of considerable public discussion, making the issues NPR is investigating and reporting on all the more significant. For example, according to Pew Research, "Americans overwhelmingly fault the government for how it has handled the migrant situation."[4] And fifty-seven percent of Americans "say dealing with immigration should be a top policy goal for the

---

[1] Office of Refugee Resettlement website, What We Do, https://www.acf.hhs.gov/orr/about/what-we-do.
[2] ORR website, Latest UC Data – FY2024, https://www.hhs.gov/programs/social-services/unaccompanied-children/latest-uc-data-fy2024/index.html.
[3] "Grassley, Wyden Release Investigation On Misconduct and Abuse at Federally-Funded Facilities Caring for Unaccompanied Migrant Children" (Oct. 28, 2021), from Senator Grassley's website, https://www.grassley.senate.gov/news/news-releases/grassley-wyden-release-investigation-on-misconduct-and-abuse-at-federally-funded-facilities-caring-for-unaccompanied-migrant-children.
[4] Pew Research website, How Americans View the Situation at the U.S.-Mexico Border, Its Causes and Consequences, https://www.pewresearch.org/politics/2024/02/15/how-americans-view-the-situation-at-the-u-s-mexico-border-its-causes-and-consequences/#:~:text=The%20growing%20number%20of%20migrants,has%20handled%20the%20migrant%20situation.

president and Congress this year, a share that's increased 18 points (from 39%) since the start of Biden's term."[5]

4. NPR brings this lawsuit to ensure the agencies comply with the FOIA obligations and to report on issues of indisputable public importance.

## Jurisdiction and Venue

5. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

6. Plaintiff National Public Radio, Inc. is an independent non-profit multimedia organization that was founded on a mission to create a more informed public. It provides non-commercial news, information, and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 42 million people per week on broadcast radio, podcasts, NPR apps, NPR.org and YouTube video content. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to almost 250 NPR members and numerous other NPR-affiliated entities.

7. Plaintiff Chiara Eisner is a resident of the District of Columbia, and a reporter for NPR's Investigations team. Her previous investigative reporting on the experiences of former

---

[5] Pew Research website, State of the Union 2024: Where Americans stand on the economy, immigration and other key issues, https://www.pewresearch.org/short-reads/2024/03/07/state-of-the-union-2024-where-americans-stand-on-the-economy-immigration-and-other-key-issues/.

execution workers received the McClatchy's President's Award, and her coverage of the biomedical horseshoe crab industry led to significant restrictions of the harvest. Before working as a reporter, she co-founded a global health nonprofit, worked for an architectural design company, and taught English to adult immigrants. She has a bachelor's degree in public health and master's degree in journalism.

8. Defendant U.S. Department of Health and Human Services ("HHS") is a cabinet-level department of the executive branch of the federal government that was created to protect the health of all Americans.

9. The Administration for Children and Families is a division of HHS. It's comprised of 22 offices, including the Office of Refugee Resettlement.

10. Upon information and belief, ACF and ORR have possession and control of the records sought by the Requests.

## Statutory and Regulatory Background

11. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

13. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users*

*Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).  NPR plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

14. Through its FOIA Requests, NPR seeks to fulfill its journalistic function and to shine a public light on the operations of HHS and its managing of unaccompanied migrant children.

### The FOIA Requests

A. The First Request (June 12, 2023)

15. NPR sent its first Request on June 12, 2023, and sought records regarding recorded calls made with and to the Unaccompanied Children (UC) Sexual Abuse Hotline.  Specifically, the first Request sought: "All audio recorded of calls made with and to the UC Sexual Abuse Hotline at 1-855-232-5393, since June 6, 2018 through Jun[e] 6, 2023.  Audio files should include calls made in any language.  Any names that are deemed private information can be redacted from the audio files."  Attached as Exhibit A is a copy of the first Request.

16. HHS acknowledged receipt of NPR's first Request via email on August 14, 2023, and assigned it number 23-F-0193.  Attached as Exhibit B is a copy of the email.  To date, no records have been received.

B. The Second Request (June 12, 2023)

17. NPR's second Request, dated June 12, 2023, sought records regarding contracts between HHS and companies to transport unaccompanied minor children to their destinations with guardians.  Specifically, the Request sought: "All contracts signed or drafted between the department of Health and Human Services and companies contracted by HHS to transport

unaccompanied minor children from US facilities to their destinations with guardians. These contracts should include, but not be limited to, contracts with companies paid to move children via bus, train, car or plane." Attached as Exhibit C is a copy of the second Request.

18. HHS acknowledged receipt of NPR's second Request via email on August 14, 2023, and assigned it number 23-F-0194. Attached as Exhibit D is a copy of the email. HHS stated that the Request was pending in the "simple queue" and would be processed in accordance with the agency's first in, first out practice. To date, no records have been received.

C. The Third Request (June 12, 2023)

19. NPR's third Request, dated June 12, 2023, sought contracts between Cherokee Federal and HHS regarding the Pomona Fairplex Emergency Intake Site. Pomona Fairplex was an emergency shelter for migrants that was open for six months from May through November 2021, and housed tens of thousands of children and teenagers.[6] Specifically, NPR's third Request sought: "All contracts signed or drafted between the company 'Cherokee Federal' and any of its subsidiaries, and the Department of Health and Human Services, between January 1, 2018 and June 12, 2023. These contracts should include, but not be limited to, the contract between the Cherokee Nation Management & Consulting L.L.C. and HHS regarding the Pomona Fairplex Emergency Intake Site, under PIID: 75ACF121C0006." Attached as Exhibit E is a copy of the third Request.

20. HHS acknowledged receipt of NPR's third Request via email on August 14, 2023, and assigned it number 23-F-0258. Attached as Exhibit F is a copy of the email. HHS stated

---

[6] "Pomona shelter for unaccompanied migrant children set to close next month," Los Angeles Times (Oct. 15, 2021), https://www.latimes.com/california/story/2021-10-15/pomona-shelter-for-migrant-children-closing-next-month.

that the Request was being processed as expeditiously as possible.  To date, no records have been received.

    D.  The Fourth Request (August 31, 2023)

21.    NPR's fourth Request, dated August 31, 2023, sought emails.  Specifically, the fourth Request sought: "All emails sent to the following email address, UCMigration@acf.hhs.gov. All emails since January 1, 2021 through the date the request is fulfilled should be included. The emails should include, but not be limited to, all emails sent directly to the email address and those sent indirectly, via CC or BCC functions, or similar. I understand that some information may be private and require redaction under FOIA Exemption 6. I request that HHS segregate and release all non-exempt material."  Attached as Exhibit G is a copy of the fourth Request.

22.    HHS acknowledged receipt of NPR's fourth Request via email on August 31, 2023, and assigned it number 23-F-0266.  Attached as Exhibit H is a copy of the email.  HHS stated that the Request was being processed as expeditiously as possible.  To date, no records have been received.

    E.  The Fifth Request (September 8, 2023)

23.    NPR's fifth Request, dated September 8, 2023, sought two excel spreadsheets with census information from the Pomona Fairplex Emergency Intake Site.  Specifically, the fifth Request sought: "'EXPORT Full Census 09-04-21' and 'EXPORT Full Census 10-22-21,' from the Pomona Fairplex Emergency Intake Site, with the exception of personally-identifiable information."  Attached as Exhibit I is a copy of the fifth Request.

24. HHS acknowledged receipt of NPR's fifth Request via email on September 12, 2023, and assigned it number 23-F-0269. Attached as Exhibit J is a copy of the email. To date, no records have been received.

F. The Agencies' Failure to Respond and Violation of FOIA

25. On September 11, 2023, Rachel Seller of NPR requested an update on four of the pending FOIA Requests. On September 12, ACF provided the status of each case. Of the five Requests, only one had records gathered and under review. The other four Requests were still pending. Exhibit K is a copy of this email exchange between Ms. Seller and ACF.

26. On September 14, 2023, HHS provided an interim response and granted expedited processing for the fifth Request. Attached as Exhibit L is a copy of this letter. In spite of its expedited processing status, to date, no records have been received.

27. On September 28, 2023, NPR sent an email inquiring about the first Request (for audio files). Ms. Eisner proposed methods and tools to address any purported privacy issues. For example, Ms. Eisner offered to provide an engineer for free to disguise the minor voices in the tapes. She also suggested reducing the size of the production, to modify the date range to calls between June 6, 2019 and June 6, 2023. See Exhibit M at 8. ACF responded on October 4 stating that they were determining if the audio files could be transcribed. *Id.* at 7. Ms. Eisner sent follow up emails on October 6 and October 23. ACF responded on October 24 that the audio files were being forwarded to another ACF component so they could be converted into transcripts, and that once transcribed, the records would be entered into the queue for processing. *Id.* at 6. On November 1, ACF informed NPR that there were over 6,800 files, and asked if the timeframe of the Request could be narrowed. *Id.* at 5. NPR asked a number of questions about the files, to be better able to narrow the Request. *Id*. at 4. On November 2, NPR requested a

8

breakdown of the number of calls recorded per month, to better understand how narrowing the Request by timeframe would affect the number of documents received.  See Exhibit M at 3.  ACF responded that it did not sound like the files were saved in a format where they could provide a clear breakdown.  *Id*. at 2.  On November 10, NPR stated that since there was not a clear breakdown of the calls by date, it could not narrow the Request.  But NPR asked if ACF could commit to a production schedule for the 6,800 calls, such as releasing them on a rolling basis.  *Id*. at 2.  NPR did not receive a response, and again inquired about a release schedule on November 21.  *Id*. at 1.  On December 5, ACF stated that due to the volume of the transcribed files, they were being assigned to the "complex que[ue]," which has "over 950 requests in that que[ue]."  ACF admitted that "[i]t may take awhile [sic] before your request is processed."  *Id.* at 1.  To date, no records have been received.

28. On January 11, 2024, NPR requested an update on one of the FOIA Requests.  On January 17, NPR clarified the five FOIA case numbers and asked for estimated completion dates.  NPR again requested an update on the Requests on February 1, 2024.  Attached as Exhibit N is a copy of the email exchange between NPR and ACF.

29. To date, no further information has been received, and none of the requested documents have been produced, leaving NPR with no choice but to bring this action to obtain access to these records.

**PLAINTIFFS' CLAIM FOR RELIEF**

**COUNT I**
**(Failure to Issue Determination on FOIA Request)**

30. Plaintiffs repeat and re-allege paragraphs 1-29.

31. Plaintiffs properly submitted five FOIA Requests for documents from HHS—namely, records regarding or related to the care of unaccompanied migrant children.

9

32. Defendant failed to issue a determination regarding the five Requests within 20 working days as FOIA requires.  5 U.S.C. § 552(a)(6)(A)(i).

33. As a result of the actions complained of herein, Plaintiffs' access to government records that they are entitled to review has been improperly delayed, in violation of the FOIA.

34. Accordingly, Plaintiffs are entitled to injunctive and declaratory relief with respect to the immediate issuance of a determination on and processing of the Requests.

## **Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Order Defendant to immediately and fully process Plaintiffs' first Request of June 12, 2023 and disclose all non-exempt documents immediately to Plaintiffs;

(2) Order Defendant to immediately and fully process Plaintiffs' second Request of June 12, 2023 and disclose all non-exempt documents immediately to Plaintiffs;

(3) Order Defendant to immediately and fully process Plaintiffs' third Request of June 12, 2023 and disclose all non-exempt documents immediately to Plaintiffs;

(4) Order Defendant to immediately and fully process Plaintiffs' fourth Request of August 31, 2023 and disclose all non-exempt documents immediately to Plaintiffs;

(5) Order Defendant to immediately and fully process Plaintiffs' fifth Request of September 8, 2023 and disclose all non-exempt documents immediately to Plaintiffs;

(6) Issue a declaration that Plaintiffs are entitled to immediate processing and disclosure of the requested records;

(7) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(8) Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(9)     Grant such other relief as the Court may deem just and proper.

Dated:  April 4, 2024

                                              Respectfully submitted,

                                              */s/ Courtney DeThomas*
Courtney DeThomas (D.C. Bar. No. 888304075)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005-3317
202-973-4200
courtneydethomas@dwt.com

Thomas R. Burke (*pro hac vice application forthcoming*)
Monder Khoury (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
415-276-6500
thomasburke@dwt.com
mikekhoury@dwt.com

*Counsel for Plaintiffs*
NATIONAL PUBLIC RADIO, INC. and CHIARA EISNER